## DOUREDOURE v. KRUMBHAAR.

### May 30, 1836.

*Motion for leave to take out execution.*

On a judgment on a warrant of attorney accompanying a bond in a penal sum, conditioned for payment of certain promissory notes at maturity, the court, on motion, granted leave to the plaintiff to take out execution for the amount of the first note when it became due, without a writ of inquiry.

IN this case *T. I. Wharton* moved the court for leave to take out execution on the judgment entered in this case, under the following circumstances:

On the 28th of March 1836, William F. Krumbhaar and Lewis Krumbhaar, Jun. executed their bond to the plaintiff in the penal sum of 13,225 dollars, and reciting that the obligors had drawn four certain promissory notes in favour of the obligee, bearing date the 21st day of March A.D. 1836: one of them payable in sixty days for 3000 dollars;

[Douredoure v. Krumbhaar.]

one of them payable in three months for 1015 dollars; one of them payable in six months for 1030 dollars; and one of them payable in nine months for 1567 dollars 50 cents, with condition as follows:

"Now the condition of this obligation is such, that if the above bounden William Krumbhaar and Lewis Krumbhaar, Jun., or either of them, their heirs, executors or administrators, or any of them, shall and do well and truly pay, discharge and take up at maturity, all and every of the said promissory notes, according to the tenor and purport thereof, then this obligation to be void, else to be and remain in full force and virtue."

Judgment was entered by virtue of the warrant of attorney accompanying this bond, on the 9th of April 1836.

On the 23d of May the first of the four notes mentioned in the bond fell due, and was not paid by the defendants.

*Wharton* stated, that he believed the practice had been to issue execution for the several instalments or sums due, upon a bond like this, without application to the court in the first instance; but in consequence of what was said by Chief Justice Gibson in the case of Longstreth *v.* Gray, 1 *Watts* 63, he considered it safest to apply to the court in this case.   He cited, Hopkins *v.* Deaver, 2 *Browne* 93; Austerberry *v.* Morgan, 2 *Taunt.* 195; Cox *v.* Rodbird, 3 *Taunt.* 74; and Kennersly *v.* Mussen, 5 *Taunt.* 264.

*Ingraham* (who appeared for the assignee of the defendants), contended, that this was not a case in which execution could be issued without a writ of inquiry, the condition not being for the payment of money by instalments, but for the discharge and taking up of certain promissory notes.

*Wharton*, in reply, argued, that this was a bond expressly for payment of money, in which no writ of inquiry was necessary, and that in case of a judgment upon a warrant of attorney, the assignment of breaches was not necessary under the statute of *William* 3, either by the English practice or ours.

THE COURT made the following order.

"May 30th, 1836.   On motion of *T. I. Wharton*, Esq., for the plaintiff, the court grant leave to take out execution on the judgment in this case for the sum of 3000 dollars, with interest from the

I.—2 I

[Douredoure v. Krumbhaar.]

23d of May instant, being the amount of the first of four certain promissory notes mentioned in the bond of the defendants to the plaintiff, upon which the said judgment was entered, and which has not been paid and discharged according to the tenor and effect thereof."(*a*)

(*a*)   See Smith *v.* James, *ante* 162.